UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROCKY STEWART WIEBE, | ) | 1:08-cv-01364-JMD-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| | ) | |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT |
| SUGRUE, | ) | |
| | ) | |
| Respondent. | ) | |

### Introduction

Petitioner is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition for writ of habeas corpus on September 3, 2008. (Doc. 1). Respondent filed an answer to the petition on March 24, 2009. (Doc. 21). Petitioner filed a traverse on April 15, 2009. (Doc. 23).

On December 12, 2009, the Court issued an Order to Show Cause why the petition should not be dismissed as moot. (Doc. 18). The Order to Show Cause directed the parties to submit responsive briefing by January 20, 2010. (Id.). Over sixty days have passed, and both parties have failed to respond to the Court's order.

### Discussion

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. R. 110 (2010). District courts have

the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is outweighed by the factors in favor of dismissal discussed herein. With respect to the availability of less drastic alternatives, the Court finds that a dismissal without prejudice is the least-drastic alternative given the facts of this case. As noted in the Order to Show Cause, federal courts have a *sua sponte* duty to examine jurisdiction before proceeding to the merits of a case. Southern Pacific Transportation Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990), cert. denied, 112 S. Ct. 382 (1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Here, it appears that this action is moot, as the record indicates that Petitioner may have already been released from custody and may in fact have been deported. (Traverse, Ex. 4) (indicating December 1, 2009 release date); (Answer, Attachment 1, Ex. 1) (indicating existence of removal order). Contrary to the Court's Order, Petitioner has not provided the information necessary to determine whether Petitioner's claim continues to present a live case or controversy. Therefore, as the Court's jurisdiction is in question, the Court finds that dismissal without prejudice is warranted. E.D. Cal. R. 110 (2010); Ghazali, 46 F.3d at 53-54.

**Order**

For the foregoing reasons, IT IS ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED, without prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   March 8, 2010**           /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE